UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY ZUGOVITZ,**

    **Plaintiff,**

**v.**

**AARON DAVIS, et al.,**

    **Defendants.**

**Case No.: 2:06-cv-727**

**Judge Gregory L. Frost**

**Magistrate Judge King**

## OPINION AND ORDER

Plaintiff Terry Zugovitz ("Plaintiff") filed this action on August 25, 2006 seeking money damages from, and injunctive relief against, his former employer, Defendant Tyco Electronics Corporation, Tyco Electronics Installation Services Inc., and Tyco Electronics Power Systems Inc., (collectively "Defendant" or "Tyco") and his former supervisor Defendant Aaron Davis ("Davis"). (Doc. # 36.)  Plaintiff's Complaint asserts claims against Tyco and Davis for unlawful age discrimination in violation of Ohio law.  A jury trial in this action is scheduled to commence on March 31, 2008.

This matter is before the Court on Defendants' Motion *in Limine*.  (Doc. # 43.)  For the reasons that follow, the Court **DENIES** Defendants' Motion *in Limine*.

### I.  STANDARD FOR MOTION *IN LIMINE*

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469

U.S. 38, 41 n.4 (1984).  The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial.  See *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence."  *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975).  A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible.  *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388.

## II.  ANALYSIS

In their motion *in limine*, Defendants seek to prohibit George Maney from testifying about age-related statements allegedly made by supervisor and decision-maker Robert Baurhyte. Defendants argue that these statements constitute "stray remarks" and that they were not made contemporaneously to Plaintiff's termination.  This Court disagrees.

As Plaintiff notes in his opposition to Defendants' Motion *in Limine* (Doc. # 45), this Court has already made a decision on this issue a few weeks ago in *Tuttle v. Tyco Electronics Installation Serv. Inc.*, Case No. 06-cv-58, a nearly identical companion case that is currently pending before this Court.  This Court concluded:

> Defendants request an order prohibiting Plaintiff from introducing evidence of "stray remarks" made by Baurhyte about Plaintiff's age and the age of other Tyco employees.  This request is not well taken.

> The remarks to which Defendants refer simply cannot be classified as "stray" remarks. Indeed, as this Court noted in its Opinion and Order denying summary judgment in this action, "Plaintiff has offered literally dozens of statements from the decision-makers, Baurhyte and Davis, from which one may infer that Plaintiff's termination 'was motivated at least in part by prejudice against members of the protected group.' *See* [*Johnson v.*] *Kroger Co.*, 319 F.3d [858,] 865 [(6th Cir. 2003).]" (Doc. # 76 at 16.)

*See Tuttle v. Tyco Installation Services, Inc.*, Case No. 06-cv-581 (Doc. # 96 at 5).

The Plaintiffs in *Tuttle* and in this action were both Level IV Installers and were both terminated, one day apart from each other. Defendants, who are represented by the same counsel in this action and in the *Tuttle* case, have offered no reason why this Court's recent decision should be modified in some way, nor does this Court find any reason why it should do so. Therefore, Defendants have failed to show that the evidence is clearly inadmissible and their request to exclude Baurhyte's comments about age is not well taken.

### III. CONCLUSION

For the reasons set forth above, this Court **DENIES** Defendants' Motion *in Limine*. (Doc. # 43.)

**IT IS SO ORDERED.**

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**