UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY ZUGOVITZ,**

    **Plaintiff,**

**v.**

**AARON DAVIS, et al.,**

    **Defendants.**

**Case No.: 2:06-cv-727**
**Judge Gregory L. Frost**
**Magistrate Judge Norah McCann King**

## OPINION AND ORDER

Plaintiff Terry Zugovitz ("Plaintiff") filed this action on August 25, 2006 seeking money damages from, and injunctive relief against, his former employer, Defendant Tyco Electronics Corporation, Tyco Electronics Installation Services Inc., and Tyco Electronics Power Systems Inc., and his former supervisor Defendant Aaron Davis. (Doc. # 36.) Plaintiff's Complaint asserts claims against Tyco and Davis for unlawful age discrimination in violation of Ohio law. A jury trial in this action is scheduled to commence on March 31, 2008.

This matter is before the Court on Plaintiff's motion to dismiss Defendant Davis from this action ("Plaintiff's Motion to Dismiss Davis"). (Doc. # 43.) This motion is unopposed. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I. Fed. R. Civ. P. 21 Standard

Fed. R. Civ. P. 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be served and proceeded with separately.

It is well- settled that it is appropriate for a district court to drop a nondiverse and dispensable party from litigation in order to achieve diversity. *Soberay Machine & Equipment Co. v. MRF Limited, Inc.*, 181 F.3d 759 (6th Cir. 1999). Curing a jurisdictional defect through dismissal of a party that destroys diversity is an exception to the time-of-filing rule and such a dismissal can be effected by a district court, even subsequent to adjudication on the merits or by an appellate court. *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004). The United States Court of Appeals for the Sixth Circuit explains:

> Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party. It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.

*Soberay Machine & Equipment Co.*, 181 F.3d at at 763 (citing *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (citations, footnotes, and internal quotation marks omitted).

## II. Analysis

In the present action, Defendant Davis is clearly a dispensable party subject to dismissal in order to achieve diversity. Defendant Davis was one of three supervisors involved in the decision to terminate Plaintiff. The other two supervisors have not even been named as defendants in this case nor have they been previously identified by this Court or Defendants as necessary parties to this litigation. As such, neither Davis nor the other supervisors can be considered "necessary" parties as required by Rule 19. *See* Fed. R. Civ. P. 19. Plaintiff's claim is for wrongful termination based upon age and he has appropriately brought suit against his employer. His termination claim can continue in unimpeded fashion with or without Defendant

Davis' presence.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Dismiss Davis. (Doc. # 43.) The Clerk is **DIRECTED** to remove Aaron Davis as a Defendant in this action.

**IT IS SO ORDERED.**

          **/s/ Gregory L. Frost**
          **GREGORY L. FROST**
          **UNITED STATES DISTRICT JUDGE**